# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA CERVANTES,<br><br>    Plaintiff,<br><br>    v.<br><br>WENDY'S OF THE PACIFIC, INC., et al.,<br><br>    Defendants.<br>_____/ | Case No.  1:13-cv-00925-SKO<br><br>**ORDER DISMISSING ACTION PURSUANT TO RULE 41(a)(1)**<br><br>(Docket No. 13) |

On January 2, 2014, Plaintiff Aurora Cervantes ("Plaintiff") filed a "Notice of Conditional Settlement." (Doc. 11.) The Court ordered the parties to file a stipulation of settlement by no later than March 4, 2014. (Doc. 12.) On January 13, 2014, the parties filed a "Stipulated Dismissal" setting forth the parties' stipulation that the action be dismissed in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1). (Doc. 13.) The stipulation is signed by counsel for Plaintiff and counsel for Defendants Wendy's of the Pacific, Inc., Jeffrey Gee, and Sanders Properties (collectively "Defendants"), the parties who have appeared in this action. (Doc. 13.)

Rule 41(a)(1) states in pertinent part:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

1   Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of
2   an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared,
3   although an oral stipulation in open court will also suffice.  *See Carter v. Beverly Hills Sav. &*
4   *Loan Assoc.*, 884 F.2d 1186, 1191 (9th Cir. 1989); *Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th
5   Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made
6   in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro.
7   41(a)(1)(A); *Eitel*, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule
8   41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically
9   and does not require judicial approval." *In re Wolf*, 842 F.2d 464, 466 (D.C. Cir. 1989); *Gardiner*
10  *v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984); *see also Gambale v. Deutsche Bank AG*,
11  377 F.3d 133, 139 (2d Cir. 2004); *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074,
12  1077 (9th Cir. 1999).

13  The stipulation for dismissal of the action is signed by all parties.  (Doc. 13.)  As such,
14  under Rule 41(a)(1), this case terminated on January 13, 2013.  *See* Fed. R. Civ. Pro.
15  41(a)(1)(A)(ii); *In re Wolf*, 842 F.2d at 466; *Gardiner*, 747 F.2d at 1189.  Further, although Rule
16  41(a)(1)(B) provides that "[u]nless the notice or stipulation states otherwise, the dismissal is
17  without prejudice," here the parties have stipulated that the dismissal is with prejudice.

18  Accordingly, IT IS HEREBY ORDERED that:

19  1.   Pursuant to Rule 41(a)(1) and the stipulation of the parties, this case is
20       DISMISSED WITH PREJUDICE; and
21  2.   The Clerk of the Court is DIRECTED to administratively close this action.

IT IS SO ORDERED.

Dated:   **January 14, 2014**                    **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE

2